CASE 11.—ACTION BY T. J. TRUNNELL AGAINST T. J. DANIEL FOR TRESPASS ON LAND.—October 27.

# Daniel v. Trunnell

Appeal from Bullitt Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Deed — Construction — Property Conveyed — Evidence.—Evidence held to show that a conveyance from plaintiff to defendant excluded a tract in controversy.

2. Trespass—Complaint—Sufficiency.—A complaint in an action against a trespasser alleged plaintiff's ownership and the trespass, and asked an injunction. Held, That the action was not one to quiet title, so as to render the complaint bad for lack of an allegation of possesion, but was properly brought under Ky. Stats., 1903, section 2361, providing that the owner of land may maintain the appropriate action to restrain any trespass thereon or injury thereto, though he may not have the actual possession of the land.

CHAPEZE & ZIMMERMAN for appellant.

J. F. COMBS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment of the Bullitt cir-
cuit court adjudging appellee to be the owner of a lot
in Bardstown Junction, and restraining appellant
from trespassing thereon.   The lot in controversy
contains about three-fourths of an acre. and is sit-
uated between the storehouse lot devised to and
owned by appellee and the lot belonging to one Willie
Herr.   Appellee's father owned considerable prop-
erty and had several children.   By his will he made
special bequests of real estate to each of his children.
The special devise to appellee was this "store-house
and lot and scales and scales lot."   By the residuary
clause of the will he devised all of the remainder of
his real estate, consisting of a hotel and some lots, to
all of his children equally.   Appellee purchased and
received conveyances from all of his brothers and
sisters of this property included in the residuary
clause of the will.

Appellant claims that appellee sold him all this
property.   Appellee contends that he obtained the
lot in controversy under the special devise made to
him by his father; that the scales lot included all
between the Willie Herr lot and the storehouse lot.
Appellant controverted this, and there was much
proof, which was very conflicting, taken upon this
question. It is unnecessary, however, to consider this
question, for the reason that the deed made by appel-
lee, of date October 5, 1899, conveying the property
to appellant, contains this clause: "Out of the above
boundary is excluded the right of way of the L. & N.
R. R. Co. and the storehouse lot devised to T.
J. Trunnell by Henry Trunnell; also a lot

Daniel v. Trunnell.

between the said storehouse lot and a lot belonging to Willie Herr.'' It is contended by appellant that this language does not exclude the lot in controversy, and that his deed covers and includes it. It is evident that the deed excludes all of the lot between the Willie Herr property and the storehouse lot. It appears from the evidence that appellant refused to accept this deed, because of this exclusion, when it was first tendered to him; but it also appears, without contradiction, that he did accept it when he made the third and final payment of the purchase money, and had it recorded in the county court clerk's office. We are therefore of the opinion that the lot in question is the property of appellee.

Appellant further contends that this was an action to quiet title under section 11 of the Kentucky Statutes of 1903, and that the petition is defective, in that it failed to allege that plaintiff had possession of the land when suit was brought. It is true the petition contains all the allegations essential in an action to quiet title, except that it was not alleged that he had possession of the lot of land described; but it was alleged that he was the owner of it, and that appellant was removing a part of the fence around it and digging holes and putting posts therein, that his fencing marked the boundary line of the lot, and by removing it he was destroying the evidence of the boundary line, and asked that appellant be restrained from committing this trespass. Appellant answered, denying appellant's ownership, and alleging that the property was his. The court adjudged appellee to be the owner of the lot, and restrained appellant from committing further trepass thereon. This proceeding was authorized by section 2361 of the Kentucky Statutes of 1903, which provides: ''The owner of land may maintain

the appropriate action to recover damages for any trespass or injury committed thereon, or to prevent or restrain any trespasses or other injury thereto or thereon, notwithstanding such owner may not have the actual possession of the land at the time of the commission of the trespass." Under this section the court, after finding that appellee was the owner of the property, had the right to make an order to prevent and restrain further trespass by appellant upon the lot.

For these reasons, the judgment of the lower court is affirmed.